IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| AMBERLEY LAMBERT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:23-CV-00067-MJT |
| | § | |
| CITY OF ONALASKA, TEXAS, and TAMMIE HEETH, | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

**ORDER GRANTING PLAINTIFF'S MOTION, OVERRULING PLAINTIFF'S OBJECTIONS, AND ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

On June 9, 2025, the magistrate judge issued an Order [Dkt. 54] striking the uncited-to evidentiary materials in Lambert's appendix [Dkt. 51-1] to her response [Dkt. 51] to Defendants City of Onalaska, Texas's, and Tammie Heeth'S Motion for Summary Judgment [Dkt. 40] from the summary judgment record. Later that day, the magistrate judge issued a Report and Recommendation [Dkt. 55] advising the Court to grant Defendants' Motion for Summary Judgment [Dkt. 40] and dismiss Plaintiff Amberley Lambert's claims with prejudice. On June 16, 2025, Lambert filed timely objections [Dkt. 57] to the Report and Recommendation [Dkt. 55], accompanied by the pending Unopposed Motion for Leave to Exceed Page Limit [Dkt. 56]. Defendants filed a timely response [Dkt. 58] to Lambert's objections.

I.   **Plaintiff Amberley Lambert's Unopposed Motion for Leave to Exceed Page Limit [Dkt. 57] is Granted**

Because the report at issue "spans 33 pages and addresses multiple complex constitutional and federal law issues," "plus a separate evidentiary order," Lambert requests a 5-page extension to the customary 8-page limit on objections. [Dkt. 56 at 1–3]. Defendants do not oppose Lambert's request. [Dkt. 58 at 1]. The Court seconds Lambert's reasoning and GRANTS the Unopposed Motion for Leave to Exceed Page Limit [Dkt. 57].

II.  **Plaintiff Amberley Lambert's Objection [Dkt. 57 at 1–2] to the Order Striking Uncited-to Evidentiary Materials in Plaintiff's Appendix to Response [Dkt. 54] is Denied**

Lambert objects that the magistrate judge committed clear error when she struck Exhibit 6—Lambert's attached selections of Officer Heeth's testimony from a subsequent criminal proceeding—from the summary judgment record. [Dkt. 57 at 1–2]. According to Lambert, she cited to this material evidence in her response [Dkt. 51] to Defendants' Motion for Summary Judgment [Dkt. 40] and asks that it "be preserved and considered as part of the summary judgment record." [Dkt. 57 at 2]. Defendants join in Lambert's request. [Dkt. 58 at 1]. The citations which Lambert claims were erroneously struck are A-147, A-170, and A-172 to A-174. [Dkt. 57 at 2]. The challenged Order did not strike this material but rather inadvertently grouped it with the unstruck Exhibit 5 material. *See* [Dkt. 54 at 3 (not striking A-146 to A-149 and A-169 to A-175)]. What the Court is presented with is merely a cosmetic error that does not require rectification. Lambert's objection is denied.

III. **The Unobjected-to Findings of Facts and Conclusions of Law of the Report and Recommendation [Dkt. 55] are Adopted**

No party objected to the magistrate judge's findings that Lambert's claims against both Defendants are not barred by the applicable statutes of limitations. [Dkts. 55 at 11–15; 57–58].

The Court has received and considered the Report and Recommendation of the United States Magistrate Judge [Dkt. 55] pursuant to such referral, along with the record, pleadings, and all available evidence. After careful consideration, the Court finds that the above unobjected-to findings of fact and conclusions of law of the United States Magistrate Judge are correct. Accordingly, the above unobjected-to findings of fact and conclusions of law in the Report and Recommendation of the United States Magistrate Judge are adopted. Plaintiff Amberley Lambert's claims against Defendants City of Onalaska, Texas, and Tammie Heeth are not time-barred.

### IV. Plaintiff Amberley Lambert's Objections [Dkt. 57 at 2–12] to the Report and Recommendation [Dkt. 55] are Overruled

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

   1. *The Magistrate Judge Did Not Erroneously Apply the Summary Judgment Standard by Resolving Genuine Disputes of Material Fact*

On a more substantive note, Lambert objects that the magistrate judge misapplied the summary judgement standard by resolving genuine disputes of material facts as to: (1) the precise

3

sequence of events constituting the interaction between Lambert and Officer Heeth; and (2) whether Lambert subjectively understood Officer Heeth's hand signal to stop and turn around. [Dkt. 57 at 3–8]. First, the magistrate judge determined that the summary judgment evidence did not support Lambert's contention that her "testimony create[d] a dispute about whether she violated traffic directions" because "she stopped her vehicle when Officer Heeth signaled her, and it was only after Officer Heeth struck her vehicle that the car began to move forward." [Dkts. 51 at 18; 55 at 20–23].

As accurately summarized by the magistrate judge, the summary judgment evidence established the following: About five minutes after the 7:45 a.m. tardy bell, Officer Heeth was enforcing Onalaska Elementary School's drop-off policy when she observed Lambert impermissibly driving her car down FM 356 South towards the school's back entrance. [Dkt. 40-2 at 13; Stanton Body Camera Footage 2 at 01:08–01:44]. The policy did not permit Lambert to use this route to drop her children off at that time, so Officer Heeth "raised [her] left hand up with [her] palm towards" Lambert and motioned with her index finger for Lambert "to make a 'U' motion … to turn around." [Dkt. 40-2 at 13.] Lambert "stopped for a few seconds," but then "proceeded to drive towards [Officer Heeth]," who had "started walking towards the vehicle." *Id.* As a result, the car's "bumper guard struck [Officer Heeth's] left breast." *Id.* Critically, Lambert testified that she agreed with "[Officer Heeth's] testi[mony] that [she] kind of stopped in the middle of the roadway for – [a] second or two. [Officer Heeth] then start[ed] approaching, and then [Lambert] started up again." [Dkt. 51-1, Ex. 5 at 17:7–11]. Lambert additionally testified that "when [Officer Heeth] hit [her] vehicle," the car was "*still* moving." [Dkt. 40-3 at 111:2–4 (emphasis added)].

Notwithstanding this undisputed account, Lambert argued at summary judgement that

4

"there [was] a genuine dispute regarding whether [she] assaulted Officer Heeth with her vehicle" because she "testified that her foot came off the brake only after Officer Heeth struck her vehicle, causing it to move forward involuntarily." [Dkt. 51 at 19]. Of relevance here is Lambert's testimony that she "was at a dead stop when [Officer Heeth] climbed onto [her] sideboard." [Dkt. 51-1, Ex. 5 at 54:22–23]. The magistrate judge determined that Lambert's "cited testimony as to [her] 'dead stop' refer[red] to when Officer Heeth had already been struck by her car and repositioned herself on the running board." [Dkt. 55 at 24]. Now, as then, Lambert unconvincingly argues that her testimony "is reasonably susceptible to multiple temporal interpretations," namely that "[t]he events were simultaneous." [Dkt. 57 at 4]. The Court has reviewed the cited-to evidentiary material and concurs with the magistrate judge that there is nothing ambiguous or genuinely disputable about the discrete sequence of events. The summary judgment evidence firmly establishes that "Officer Heeth ordered [Lambert] to stop and turn around, and that Lambert initially stopped, but then drove her car forward and hit Officer Heeth." [Dkt. 55 at 22]. This objection is therefore overruled.[1]

Second, Lambert objects that the magistrate judge misapplied *Scott v. Harris*, 550 U.S. 372 (2007), to find that Lambert subjectively understood that Officer Heeth's hand gesture was an order for her to stop and turn around. [Dkt. 57 at 4–7]. According to Lambert's testimony from the subsequent criminal case over two years after the April 1, 2021, incident, she "did not understand the hand signal given by Officer Heeth." [Dkts. #51 at 9; 51-1, Ex. 5 at 15:1–5]. In body camera footage taken shortly after the incident, Lambert can be clearly heard saying that Officer Heeth raised her hand to "flag" her and that she "knew what [Officer Heeth] was going to

---

[1] It appears that Lambert may also object to the factual finding that she "knew that she was improperly driving down FM 356 South." [Dkt. 57 at 3, 7]. To the extent this is indeed an objection, the Court declines to review "[f]rivolous, conclusive or general objections." *Nettles*, 677 F.2d at 410 n.8. It is not the job of the Court to sift through Lambert's summary judgment evidence and substantiate her argument.

5

tell [her]." [Stanton Body Camera Footage 2 at 01:43–01:50]. Lambert explained that it was "obvious" that Officer Heeth's signal "indicated" to her to stop and turn around because she was driving the wrong way according to the school's drop-off policy. *Id.* at 01:47–02:00. "When there is video evidence in the record, courts are not bound to accept the nonmovant's version of the facts if it is contradicted by the video." *Crane v. City of Arlington*, 50 F.4th 453, 462–63 & n.24 (5th Cir. 2022) (citing *Harris v. Serpas*, 745 F.3d 767, 771 (5th Cir. 2014) (citing *Scott v. Harris*, 550 U.S. 372, 381 (2007))); *see also Nucor Corp. v. Requenez*, 578 F. Supp. 3d 873, 917 & n.367 (S.D. Tex. 2022) (internal quotation marks omitted) (quoting *Malbrough v. Stelly*, 814 F. App'x 798, 804 (5th Cir. 2020) (quoting *Harris*, 550 U.S. at 380)) ("The 'Court does not need to credit evidence that is blatantly contradicted by the record,' especially by video or photographic evidence.").

The magistrate judge determined that "Lambert's statements in the video are clearly not 'ambiguous or incomplete,' but rather 'provide[] so much clarity that a reasonable jury could not believe h[er] [deposition] account.'" [Dkt. 55 at 21 n.8 (quoting *Crane v. City of Arlington*, No. 21-10644, 2022 WL 4592035, at *4 (5th Cir. Sept. 30, 2022) (first citing *Est. of Aguirre v. City of San Antonio*, 995 F.3d 395, 410 (5th Cir. 2021); and then quoting *Darden v. City of Fort Worth*, 880 F.3d 722, 730 (5th Cir. 2018))]. The magistrate judge therefore discounted Lambert's testimonial misunderstanding of Officer Heeth's hand signal. *Id.* (citations omitted).

After review of the record and applicable law, the Court agrees with the magistrate judge's finding. It is unmistakenly clear that Lambert attests to her subjective understanding of Officer Heeth's hand gesture as an order for her to stop and turn around. *See* [Stanton Body Camera Footage 2 at 01:43–02:00]. Without citing one supporting case, Lambert objects that "[t]he Fifth Circuit implicitly recognizes a distinction between 'objective evidence,' or 'contemporaneous

6

recordings,' and 'subjective evidence,' or 'post-incident interviews, recorded depositions, or testimony." [Dkt. 57 at 6 (cleaned up)]. From this, Lambert argues that "*Scott* does not apply to post-incident interviews or statements;" here, the body camera footage recording her admission that she knew what Officer Heeth's hand gesture meant. *Id.* Whatever the merit of this argument, the cases provided by Lambert do not set forth such a doctrinal distinction. After careful review, the Court overrules this objection.

It is worth noting that Lambert does not object to the magistrate judge's observation that "neither Lambert's nor Officer Heeth's 'actual beliefs at the time' are relevant." [Dkt. 55 at 24 (quoting *Terrell v. Allgrunn*, 114 F.4th 428, 434 (5th Cir. 2024)]. As such, whether Lambert subjectively understood that Officer Heeth ordered her to stop and turn around does not bear on whether Officer Heeth objectively articulated reasonable suspicion that Lambert violated Texas Transportation Code § 542.501(1) by "wilfully fail[ing] or refus[ing] to comply with a lawful order or direction of a police officer" when she did not obey Officer Heeth's directive. TEX. TRANSP. CODE § 542.501(1); *see Jones v. Fountain*, 121 F. Supp. 2d 571, 574 (E.D. Tex. 2000) (first citing *Kipps v. Caillier*, 197 F.3d 765, 769 (5th Cir. 1999); and then citing *Mangieri v. Clifton*, 29 F.3d 1012, 1017 (5th Cir. 1994)) ("The qualified immunity determination is only concerned with the objective reasonableness of the officer's actions, not the subjective beliefs of the plaintiff."); *Sims v. Nacogdoches Cnty.*, No. 9:21-CV-251, 2022 WL 3207460, at *6 (E.D. Tex. July 18, 2022) (quoting *Raina v. Veneman*, 152 F. App'x 348, 350 (5th Cir. 2005)) ("Thus, a plaintiff's 'subjective belief that he was discriminated against, standing alone, is not adequate evidence to survive a motion for summary judgment.'"), *R & R adopted*, No. 9:21-CV-251, 2022 WL 3162346 (E.D. Tex. Aug. 5, 2022); *United States v. McKinney*, 980 F.3d 485, 491 (5th Cir. 2020) (first quoting *United States v. Jaquez*, 421 F.3d 338, 341 (5th Cir. 2005); and then quoting *United States v.*

*Arvizu*, 534 U.S. 266, 273 277–78 (2002)) ("'[A] minimal level of objective justification' is required. We account for the totality of the circumstances in determining whether there was a 'particularized and objective basis' for suspecting legal wrongdoing."); *cf. Terrell*, 114 F.4th at 435 (quoting *Brown v. Lyford*, 243 F.3d 185, 190 (5th Cir. 2001)) ("There must not even arguably be probable cause for the search and arrest for immunity to be lost. That is, if a reasonable officer *could* have concluded that there was probable cause upon the facts then available to him, qualified immunity will apply.").

Lambert also objects that the magistrate judge "failed to properly consider" the following evidence: that (1) "Officer Heeth suffered no injuries requiring medical treatment and continued working that day, working a ball game that evening;" (2) "Lambert was ultimately acquitted of all charges at trial"; and (3) "[e]vidence suggests Officer Heeth had prior knowledge of Lambert's complaint before the April 1 incident." [Dkt. 57 at 7–8]. With respect to all three, Lambert wholly fails to explain how the magistrate judge allegedly improperly considered this evidence. *See id.* The Court will not address unadorned points of error.[2] *See Nettles*, 677 F.2d at 410 n.8. This objection is likewise overruled.[3]

---

[2] In fact, the magistrate judge reasoned that these first two *ex post facto* developments were not relevant in determining whether a reasonable police officer *at the time* had probable cause to arrest Lambert for felony aggravated assault on a public servant. *See* [Dkt. 55 at 24–25]. The case law on probable cause review speaks for itself on this issue, and after due consideration, the Court agrees with the magistrate judge's assessment. As for Officer Heeth's prior knowledge of Lambert's pre-incident complaint, Lambert's lack of specificity leaves the Court wondering to what portion of the report she objects. For example, Lambert did not raise the issue of Officer's Heeth prior knowledge of Lambert's complaint in the section of her response addressing the Fourth Amendment claims, thus the magistrate judge did not consider it. *See* [Dkts. 51 at 18–20; 55 at 20–27]. Lambert did reference this evidence in defending her First Amendment retaliation and *Monell* claims, *see* [Dkt. 51 at 21–22, 26–27], but the evidence simply did not materially relate to the legal analysis recommending dismissal of these claims, *see* [Dkt. 55 at 27–32].

[3] Because Lambert's later objection [Dkt. 57 at 10–11] that the magistrate judge failed to properly conduct a Fourth Amendment analysis mirrors the above, that objection is overruled as well. Lambert adds here though that the analysis "failed to consider that Lambert's conduct may have been justified" and that "Officer Heeth's subsequent conduct was objectively unreasonable." *Id.* Lambert's "justification" objection is "conclusive [and] general," and the Court will not consider it. *Nettles*, 677 F.2d at 410 n.8. The Court concedes minor confusion as to Lambert's "objectively unreasonable" objection. If Lambert is once again directing the Court to an excessive force analysis, the report plainly (and correctly) stated that "Lambert has not pleaded an excessive force claim." [Dkt. 55 at 26 (citing [Dkt. 37, ¶¶ 56–93])]. If Lambert is challenging the magistrate judge's qualified immunity analysis as to her pleaded unlawful seizure

### 2. *The Magistrate Judge Did Not Erroneously Apply the* Nieves *Exception*

Lambert objects next that the magistrate judge incorrectly applied the *Nieves* exception. [Dkt. 57 at 8–10]. In *Nieves v. Bartlett*, 587 U.S. 391, 402 (2019), the Supreme Court "held that, as a general rule, a plaintiff bringing a retaliatory-arrest claim 'must plead and prove the absence of probable cause for the arrest.'" *Gonzalez v. Trevino*, 602 U.S. 653, 655 (2024) (per curiam); *see also Degenhardt v. Bintliff*, 117 F.4th 747, 758 (5th Cir. 2024) ("Thus, in the context of retaliatory arrest or prosecution, to prove causation, a plaintiff generally must show that the officers lacked probable cause to make the arrest."). "At the same time," the Supreme Court "recognized a narrow exception to that rule. The existence of probable cause does not defeat a plaintiff's claim if he produces 'objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been.'" *Gonzalez*, 602 U.S. at 655 (quoting *Nieves*, 587 U.S. at 407); *see also Miller v. Salvaggio*, No. 23-50894, 2024 WL 5116799, at *7 (5th Cir. Dec. 16, 2024) ("Alternatively, even if the plaintiff cannot demonstrate the absence of probable cause to arrest, the *Nieves* exception may apply and allow a retaliatory-arrest or -prosecution claim to proceed.").

As relevant here, the magistrate judge concluded that Lambert failed to properly invoke

---

claims, then that objection is overruled. The magistrate judge properly determined there was no genuine dispute of material fact as to whether Officer Heeth violated Lambert's Fourth Amendment rights. Thus, Lambert did not satisfy the "first prong" of the qualified immunity framework, rendering it unnecessary to address whether Officer Heeth's "conduct was objectively [un]reasonable in light of clearly established law," or the "second prong." *Carmona v. City of Brownsville*, 126 F.4th 1091, 1096 (5th Cir. 2025) (quoting *Thompson v. Upshur Cnty.*, 245 F.3d 447, 457 (5th Cir. 2001)). The magistrate judge did find that Lambert had not sufficiently shown that her Fourth Amendment rights under the circumstances were "clearly established" [Dkt. 55 at 25–27], which the Court, for the preceding reason, feels unnecessary to evaluate with Lambert's objection thereto, insofar as she does so.

Lambert also objects that the report did not consider that she "lacked intent to assault Officer Heeth." [Dkt. 57 at 11]. This objection fails to engage with the report's discussion on this issue, which correctly found that the objective probable cause determination was "limited to whether a reasonable police officer would have objectively thought that Lambert committed, or had a substantial chance to commit, felony aggravated assault on a public servant at the time of the incident." [Dkt. 55 at 24]. Lambert's subjective beliefs do not inform the objective perspective of a reasonable police officer at the time, as explained above. This objection is overruled.

the *Nieves* exception because Lambert failed to set forth objective evidence that she was arrested when similarly situated individuals not engaged in the same sort of protected speech had not been. [Dkt. 55 at 27–30]. Lambert objects that the magistrate judge applied the wrong standard based on the following passage from the report: "Lambert has not shown 'objective evidence' of disparate treatment, but she only showed Officer Heeth never cited other parents for traffic violations - *not that those parents had also filed complaints against Heeth*." [Dkt. 57 at 8 (emphasis in original)]. This emphasized selection, which is the crux of Lambert's argument, is nowhere in the report. What the magistrate judge truly said was this: "Lambert presents no evidence that any of these comparator parents or guardians were 'not engaged in the same sort of protected speech' as her. In other words, there is no evidence that other parents or guardians *did not also file complaints against Officer Heeth*." [Dkt. 55 at 29 (emphasis added) (citation omitted)]. The magistrate judge continued that, if such evidence existed in the record, the Federal and Local Rules did not require the Court to mine for it. *Id.*; *see Infante v. L. Office of Joseph Onwuteaka, P.C.*, 735 F. App'x 839, 843 (5th Cir. 2018) (citation omitted) ("Rule 56 does not impose upon the district court [or the court of appeals] a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."); FED. R. CIV. P. 56(c)(3) ("[T]he court need consider only the cited materials."); E.D. TEX. LOC. R. CV-56(c) ("The court will not scour the record in an attempt to unearth an undesignated genuine issue of material fact.").

The summary judgment evidence adduced by Lambert in her objections, which was also considered by the magistrate judge in the report, does not raise a genuine dispute of material fact as to whether other similarly situated individuals did not file complaints against Officer Heeth. *See* [Dkts. 55 at 28–29; 57 at 9–10]. Moreover, Lambert is wrong that the magistrate judge "also failed to properly consider the temporal proximity between Lambert's complaint (March 30, 2021)

and the arrest (April 1, 2021)." [Dkt. 57 at 10]. As the report concisely explained, "evidence that Lambert's detention and arrest occurred shortly after she filed a complaint also does not indicate that Officer Heeth did not have reasonable suspicion and probable cause because 'that kind of timing evidence is relevant to the *Mt. Healthy* analysis that occurs only if [she] can prove the absence of probable cause to [detain or] arrest' in the first place."[4] [Dkt. 55 at 29 (quoting *Miller*, 2024 WL 5116799, at *9 (citing *Nieves*, 587 U.S. at 404)]; *see also Gonzalez*, 602 U.S. at 667 (Alito, J., concurring) (explaining that timing "evidence can be considered only after [a plaintiff's] claim advances to the *Mt. Healthy* framework. Any other approach would render the Mt. Healthy framework redundant in most, if not all, cases"). This objection is overruled.

    3. *The Magistrate Judge Did Not Erroneously Dismiss Lambert's Municipal Liability Claims*

Because there was no genuine factual dispute that an underlying constitutional violation had occurred, the magistrate reasoned that a *Monell* claim against Onalaska, Texas, could not lie. [Dkt. 55 at 30–32]. Lambert does not contest that reasoning; instead, she proceeds as if an underlying constitutional violation did occur and sets forth her ratification theory of *Monell* liability. [Dkt. 57 at 11–12]. The Court has overruled Lambert's objections to the magistrate judge's findings that there exists no genuine dispute of material fact as to whether Officer Heeth violated Lambert's First and Fourth Amendment rights. "[I]n the absence of any underlying constitutional violation, there can be no municipal liability under *Monell*." *Watt v. New Orleans City*, 647 F. Supp. 3d 496, 502 (E.D. La. 2022); *see, e.g.*, *Albert v. City of Petal*, 819 F. App'x 200, 203 (5th Cir. 2020) ("First, because there was no constitutional violation, as explained by the district court, there can be no *Monell* or failure-to-train claims."); *Brown v. Wilkinson Cnty. Sheriff*

---

[4] The *Mt. Healthy* First Amendment retaliation framework is that adumbrated in the titular *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 287 (1977).

*Dep't*, 742 F. App'x 883, 884 (5th Cir. 2018) ("Having failed to demonstrate an underlying constitutional violation, Brown's failure-to-train-or-supervise claim against Wilkinson County, and his claims against the officers in their official capacities, fail."); *Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017) (citation and internal quotation marks omitted) ("As is well established, every *Monell* claim requires an underlying constitutional violation."); *Serpas*, 745 F.3d at 774 ("Since Appellants have not shown that there was a constitutional violation in this case, the district court properly dismissed the *Monell* claim against the City of New Orleans."). Lambert's objection is overruled.

V.    **Conclusion and Order**

For the foregoing reasons, Plaintiff Amberley Lambert's Unopposed Motion for Leave to Exceed Page Limit [Dkt. 56] is GRANTED.

The Court has conducted a *de novo* review of the unobjected-to findings of fact and conclusions of law of the United States Magistrate Judge and concludes that they are correct. The unobjected-to findings of fact and conclusions of law in the Report and Recommendation [Dkt. 55] are ADOPTED. Plaintiff Amberley Lambert's claims against both Defendants City of Onalaska, Texas, and Officer Tammie Heeth and are not time-barred.

The Court has also conducted a *de novo* review of the objected-to determinations and findings of the Order Striking Uncited-to Evidentiary Materials in Plaintiff's Appendix to Response [Dkt. 54] and the Report and Recommendation [Dkt. 55]. The determinations and findings are correct. Plaintiff Amberley Lambert's objections [Dkt. 57] are OVERRULED. The objected-to findings of the Report and Recommendation [Dkt. 55] are ADOPTED. Defendants

City of Onalaska, Texas's, and Tammie Heeth's Motion for Summary Judgment [Dkt. 40] is GRANTED. Plaintiff Amberley Lambert's claims are DISMISSED in their entirety.

**SIGNED this 18th day of July, 2025.**

Michael J. Truncale
United States District Judge